IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUTIERREZ-CASTRO, | : | Civil No. 3:22-CV-814 |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

The background of this order is as follows:

On February 4, 2024, a number of related cases, including the instant case, were reassigned to the undersigned for pretrial management. By way of background, in May 2022, several dozen cases were initiated in this Court involving members of the MS-13 gang confined at the United States Penitentiary Lewisburg (USP Lewisburg) alleging that a January 2022 "national lock down" of MS-13 members led to their unlawful transfer to USP Lewisburg and unconstitutional confinement to a "Special Management Unit" (SMU) status. On May 23, 2022, the instant civil rights action was initiated pursuant to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, by the filing of a complaint in the related action, Bran v. United States, on behalf a purported class of prisoners. (Doc. 1). The

1

complaint named Defendants the United States, the Federal Bureau of Prisons, J. Meyers, the National Gang Unit Agency, and S.I.S. (collectively, "Defendants"). (Id.)

On October 17, 2019, after being granted leave to amend, the plaintiff filed an amended complaint, naming Attorney General Merrick Garland, and Federal Bureau of Prisons (FBOP) officials C. Carvajal, Jennifer Knepper, and Collette S. Peters as defendants. (Doc. 26). On January 18, 2024, the Court directed the Clerk of Court to serve the amended complaint, (Doc. 27), and the Clerk's Office mailed waivers of service to Defendants Carvajal and Peters via the FBOP address in Washington, D.C., and to Defendant Knepper at USP Lewisburg. (Doc. 28; Doc. 34 ¶¶ 6-7). To date, the Court has received only a waiver of service from Defendant Knepper.[1] The United States Marshals Service also filed Form 285 returns of service indicating it attempted to serve the amended complaint upon Defendant Attorney General Garland on January 25, 2024, via Federal Express, (Doc. 31), a method which does not satisfy the personal service requirement of Fed. R. Civ. P. 4(i)(3).

---

1 According to Defendant Knepper's Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint, in which she details the history of service in this case, the United States Attorney's Office is attempting to facilitate the waiver of service for Defendants Carvajal and Peters, and no further action is required by the Court as to the remaining FBOP defendants at this time.

2

In light of the discrepancy in service between the four defendants, Defendant Knepper moved for an extension of time to respond to the plaintiff's amended complaint so that the United States Attorney's Office could respond on behalf of all the defendants once service had been effectuated. (Doc. 34). The Court granted the motion and extended the deadline to respond until 60 days after Defendants Carvajal, Peters, and Attorney General Garland either waive service or receive personal service in the manner prescribed by Fed. R. Civ. P. 4(e), (f), or (g).

As Defendant Knepper pointed out in the motion to extend the deadline to respond, service by Federal Express does not satisfy the personal service requirement of Fed. R. Civ. P. 4(i)(3). Thus, it appears Attorney General Garland has not been properly served the amended complaint. For his part, on April 2, 2024, the plaintiff filed what is titled a Motion for Summary Judgment, but amounts to a motion for default judgment, arguing that this failure to satisfy the personal service requirements of Rule 4(i)(3) constitutes fraud, corruption, and breach of contract and that he is therefore entitled to a default judgment on his claims. (Doc. 36).

For the reasons set forth below, the plaintiff's motion is denied and the Clerk of Courts is instructed to effectuate service again upon Attorney General Garland in accordance with Rule 4.

## II. Discussion

### A. The Plaintiff's Motion for Default Judgment Should be Denied.

Although the plaintiff's motion is labeled a motion for summary judgment, the relief the plaintiff requests in the motion is a default judgment, since the plaintiff argues not that no issue of material fact exists for a jury in this case, but rather the Court should grant judgment in his favor because of the failure of service upon Attorney General Garland.

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55 a default judgment may only be entered when the party against whom the default judgment is sought was served and "has failed to plead or otherwise respond" Rule 55(a), F.R.Civ.P., and a "default judgment [cannot be] entered when there has been no proper service of the complaint...." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985). Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We

4

require the district court to consider the following factors in exercising its discretion ...: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.

United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In this case, we find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system, and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, where the plaintiff's entitlement to judgment on the merits is unclear, as this Court has rejected virtually identical claims brought by other Lewisburg inmates on numerous occasions. See e.g., Parada v. United States, No. 3:22-CV-00806, 2024 WL 697092, at *1 (M.D. Pa. Jan. 29, 2024), report and recommendation adopted, No. 3:22-CV-806, 2024 WL 692162 (M.D. Pa. Feb. 20, 2024); Benitez v. United States, No. 3:22-CV-00809, 2023 WL 7314397, at *1 (M.D. Pa. Sept. 20, 2023), report and recommendation adopted, No. 3:22-CV-0809, 2023 WL 7302135 (M.D. Pa. Nov. 6, 2023); Parada-Mendoza v. United States, No. 3:22-CV-00771, 2023 WL 5919300 (M.D. Pa. June 21, 2023), report and recommendation adopted, No. CV 3:22-771, 2023 WL 5608401 (M.D. Pa. Aug. 30, 2023); Moz-Aguilar v. United States, No. 3:22-CV-00804, 2023 WL 4753767, at *2 (M.D. Pa.

June 21, 2023), <u>report and recommendation adopted,</u> No. 3:22-CV-804, 2023 WL 4748185 (M.D. Pa. July 25, 2023. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this stage of the litigation, where the plaintiff has not yet completed the elementary task of serving all defendants. However, entry of default would be highly prejudicial to those defendants against whom the plaintiff seeks this default judgment, and those defendants have not engaged in any culpable conduct which makes entry of default appropriate. Thus, although all parties acknowledge there was an error in service of Defendant Attorney General Garland, the entry of default in this case would be an inappropriate remedy.

Accordingly, **IT IS ORDERED THAT** the plaintiff's Motion for Summary Judgment, (Doc. 36), is **DENIED. IT IS FURTHER ORDERED THAT** the Clerk of Courts effectuate service upon Defendant Attorney General Merrick Garland in a manner which satisfies the personal service requirement of Fed. R. Civ. P. 4(i)(3)

So ordered this 23rd day of April 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
